JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Scott D. Salmon

**(b)** County of Residence of First Listed Plaintiff: Union
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marguerite M. Schaffer, Esq., Shain Schaffer PC
150 Morristown Road, Suite 105, Bernardsville, NJ 07924
(908) 953-9300

## DEFENDANTS
Acres Land Title Agency, Inc., Absolute Escrow Settlement, Co., Inc., and Peter A. Uzzolino

County of Residence of First Listed Defendant: Essex
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | |
| | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Real Estate Settlement Procedures Act of 1974, 12 U.S.C., Section 2601 et seq.
Brief description of cause:
Defendants have been illegally marking up pass-through costs, charging fees for services not performed, etc.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 09/19/2024
SIGNATURE OF ATTORNEY OF RECORD: s/ Marguerite M. Schaffer

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 08/18)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Marguerite M. Schaffer, Esq. (017041975)
Xiaosong Li, Esq. (035122005)
**SHAIN SCHAFFER PC**
150 Morristown Road, Suite 105
Bernardsville, New Jersey 07924
Telephone: (908) 953-9300
Facsimile: (908) 953-2969
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT D. SALMON, individually and on behalf of all others similarly situated, | Civil Action No.: |
| Plaintiff, | |
| vs. | **CLASS ACTION LAWSUIT** |
| ACRES LAND TITLE AGENCY, INC. ABSOLUTE ESCROW SETTLEMENT, CO, INC., PETER A. UZZOLINO, | |
| Defendants. | |

Plaintiff, Scott D. Salmon ("Plaintiff"), by his attorneys, brings this action on behalf of himself and all others similarly situated against Defendants Acres Land Title Agency Title, Inc. ("Acres Title"), A-Absolute Escrow Settlement Company, Inc. ("A-Absolute") and Peter A. Uzzolino (collectively, "Defendants").

### I. BACKGROUND

1. Title insurance is often one of the most costly items associated with the closing of any real estate purchase. It protects the purchaser of a property from defects or encumbrances affecting title. Lenders generally require borrowers to purchase title insurance to protect their collateral should a title challenge arise.

2. Despite the importance and high cost of title insurance, consumers generally have little understanding of the product, the purpose it serves, and the reasonableness of the price they pay for it. They also exercise little discretion in choosing the title insurers. That decision is typically made for them by their lawyers, mortgage brokers, lenders, or realtors.

3. The most effective way for a particular title insurance agency to get business is to encourage those making the purchasing decisions to steer business to that agency. An unscrupulous way to motivate these decision-makers is through kickbacks in the form of finder's fees, gifts, disguised profits, and other financial enticements, promise of future referrals, or threats to withhold same.

4. Because title insurance premiums are statutorily set and uniform among the insurers, an unprincipled title agency often finances its kickbacks through excessive non-premium fees and charges. Such fees and charges also produce substantial additional profits for the agency.

5. The Title Insurance Act of 1974, N.J.S.A. 17:46B-1 to -62 (the "Act"), comprehensively regulates title insurance companies doing business in New Jersey. The Act prohibits, among other things, a title insurance agency from charging any fee for any policy or contract for title insurance except in accordance with the rates, fees and charges approved by the Commissioner of the Department of Banking and Insurance (the "Commissioner").

6. For years, Acres Title, reputedly the largest title agency in New Jersey by business volume, and its affiliates have been illegally marking up pass-through costs, charging fees for services not performed and giving improper kick-backs and referrals to each other, causing substantial harm to their unwitting customers. Their illicit practices have been uniform and consistent, thus victimizing almost all of their customers. These practices violate, *inter alia*, the New Jersey Title Insurance Act and its implementing regulations, the New Jersey Consumer Fraud

Act, and the federal Real Estate Settlement Procedures Act's ("RESPA") prohibitions against illegal mark-ups, referrals and kick-backs.

7. Acres Title and its affiliated title agencies are sham ventures carefully engineered to facilitate and disguise the payment of unlawful referral fees and other kickbacks and things of value in exchange for referrals of settlement services including title insurance to and among them.

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this is a civil action arising, *inter alia*, under the laws of the United States, i.e., Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq*.

9. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2), in that this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id*. The named Plaintiff is a citizen of the State of New Jersey.

10. Venue is appropriate inasmuch as the named Plaintiff is a resident of the State of New Jersey. The transactions at issue took place in New Jersey, and the properties for which title insurance was purchased are located in New Jersey.

## III. THE PARTIES

11. Plaintiff Scott D. Salmon is an individual currently residing at 2160 Buttonwood Lane, Scotch Plains, New Jersey.

12. Defendant Acres Land Title, Inc. is a company doing business in New Jersey with its principal place of business at 55 Essex Street, Millburn, New Jersey 07041.

13. Defendant A-Absolute Escrow Settlement Company, Inc. is a company doing business in New Jersey with its principal place of business at 55 Essex Street, Millburn, New Jersey 07041.

14. Defendant Peter A. Uzzolino, an owner of Acres Title and A-Absolute, is an individual currently residing at 216 Golf Edge Drive, Westfield, New Jersey 07090.

## V.   FACTUAL ALLEGATIONS

### Markups of Pass-through Costs and Impermissible Charges

15. Pursuant to the Title Insurance Act of 1974 (the "Act"), N.J.S.A. 17:46B-1 to -62, a title insurance agency cannot charge any fee for any policy or contract for title insurance "except in accordance with filings or rates" approved by the Commissioner.

16. The rates, fees and charges approved by the Commissioner are contained in the Manual of Rates and Charges (the "Rate Manual") published by the New Jersey Land Title Insurance Rating Bureau.

17. In addition, a regulation implementing the Act, N.J.A.C. 11:17B-3.1, provides that "[i]nsurance producers acting as agents for an insurance company for personal lines insurance shall not charge or receive any fee on a policy to or from a policyholder or insured for services rendered as an insurance producer...."

18. Further, N.J.A.C. 11:17B-3.2 provides that "[n]o charge may be made for services not actually performed."

19. Section 5.3 of the Rate Manual, entitled "PASS THROUGH CHARGES FOR SEARCHES," provides that "*[c]osts* for requested or required searches will be separately charged to the Applicant...." (emphasis added). The Rate Manual, read together with applicable statutes

4

and regulations, only authorizes actual costs of searches, not markups. N.J.S.A. 17:46B-42d; N.J.A.C. 11:17B-3.2.

20. Acres Title thus cannot mark up the pass-through costs without approval by the Commissioner.

21. However, for years, Acres Title has been substantially marking up the pass-through costs for almost all of its customers.

22. In addition, Acres Title has been charging its customers fees for services not actually performed or other fees impermissible under New Jersey and federal law.

23. Acres Title customers are almost invariably unaware of the inherently deceptive markups and fees.

24. Plaintiff closed on his home located in 2160 Buttonwood Lane, Scotch Plains, New Jersey on April 29, 2022 and utilized Acres Title as his title insurance agency.

25. The invoice from Acres Title to Plaintiff (the "Invoice") reveals that apparent markups were made to various pass-through costs including, *inter alia*, Tax and Assessment Searches (total charge $50, actual cost charged to Acres Title was around $35, a $15 markup), Flood Hazard Certificate (total charge $25, approximately a $15 markup); Tidelands Search (total charge $45, approximately a $10 markup)

26. In addition, Acres Title charged Plaintiff fees for services not actually performed or impermissible under New Jersey law, including, but not limited to: $25 for "Transaction Management Fee"; $25 for "Overnight Fee," and $25 for "Secondary Mortgage Market Endorsement."

5

27. Acres Title consistently and wrongfully bills its customers "Transaction Management Fees," although it does not actually incur the "per file/transaction" fee charged by a software vendor.

28. According to the Rate Manual, "Transaction Management Platform Fees" are those fees charged on a "per file/transaction basis" to the Insurer or Title Insurance Agent by software vendors to process and post title, settlement and related documents on the internet to enable customers, lenders and their representatives to access and obtain delivery. Title agents in New Jersey usually do not charge such fees.

29. Acres Title not only charges its customers Transaction Management Platform Fees, but also delivers hard copies of title searches through its affiliated messenger service and charges its customers expensive and unnecessary delivery fees.

30. Acres Title charged Plaintiff $30 for "Overnight Fee" which was paid to its affiliate A-Absolute Escrow Settlement, also owned by Defendant Uzzolino.

31. The overnight delivery of a title commitment to an attorney's office is totally unnecessary in today's era of emails and cheaper commercial overnight delivery services. This is an unnecessary sham cost which Acres Title imposed upon its captive customers including Plaintiff.

32. A-Absolute Escrow Settlement, an affiliate of Acres Tile, also conducts closings for Acres Title.

33. A-Absolute Escrow Settlement charged Plaintiff a "Settlement Fee" in the amount of $525.

34. A-Absolute Escrow Settlement, as directed by Uzzolino, also charged Plaintiff a duplicative "Title Examination Fee" of $35, in addition to the "Examination Fee" of $100 charged by Acres Title.

35. Acres Title wrongfully charged Plaintiff $25 for "Secondary Mortgage Market Endorsement."

36. Although Acres Title consistently charges its customers for Secondary Mortgage Market Endorsements, such endorsements are rarely required by mortgage lenders/investors.

37. Acres Title, according to the Loan Disbursement Instructions, charged Plaintiff, $477.50 for "Title Searches" in total without specifying the specific services provided. This amount does not match the services itemized on the Invoice.

38. Overall, Defendants wrongfully charged Plaintiff at least $175 for title insurance, representing the total amount of illegal markups, the fees for services not actually performed or other legally impermissible fees.

39. As the founder and owner of Acres Title and A-Absolute, Defendant Uzzolino was the mastermind behind the illicit billing practices for all Acres Title and A-Absolute. He designed and carried out the illicit charging scheme.

## IV.   CLASS ALLEGATIONS

40. This class action is brought on behalf of Plaintiff and members of the Class (defined below) to recover for the harm caused by Defendants' pattern of unlawful and deceptive acts and practices as alleged herein.

41. Throughout the Class Period (defined below), Defendants engaged in deceptive acts and practices and defrauded members of the Class by charging fees and charges in excess of the statutorily mandated rates without disclosing their impermissible charges to consumers.

Defendants affirmatively and deliberately overcharged these consumers to the detriment of Plaintiff and the other members of the Class.

42. The acts, practices and conduct of which Plaintiff complains commonly affect a class consisting of:

All persons who (i) paid for a policy of title insurance issued by Acres Title Defendants in connection with the purchase of any real property located in New Jersey that was completed at any time from January 1, 2015 to the present (the "Class Period"); and (ii) paid more than the statutorily permitted fees and charges for such title insurance (the "Class"). Based upon information and belief, the Acres Title Defendants overcharged each and every one of their customers during the Class Period.

43. The Class, as defined above, is identifiable and unambiguous based on objective information and criteria.

44. Plaintiff is a member of the Class.

45. The members of the Class are so numerous that joinder is impractical. Upon information and belief, the Class is comprised of tens of thousands of individuals and entities. Plaintiff does not know the exact number of class members because such information is in the exclusive control of Defendants. The precise number and identity of Class members is ascertainable from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notices.

46. There are questions of law and fact common to the members of the Class, which questions predominate over any individual issues, including, but not limited to

a. Whether Defendants engaged in the systematic overbilling as alleged in this Complaint;

b. The nature of the relationships of Defendants to one another;

c. Whether Defendants gave and accepted benefits in exchange for the referral of title insurance and settlement services, and if so, the nature and extent of such benefits;

d. Whether Defendants' billing practices violated Section 8 of RESPA, the New Jersey Title Insurance Act and New Jersey Consumer Fraud Act ; and

e. Whether Defendants' relationships with each other and exchange of benefits violated Section 8 of RESPA.

47. The claims and defenses of Plaintiff are typical of the claims of all members of the Class. Defendants have consistently and systematically engaged in the above-alleged billing and referral practices. By proving her case, Plaintiff will simultaneously prove the case of the members of the Class.

48. Plaintiff will fairly and adequately represent the Class. Plaintiff is willing and able to serve as a representative of the Class and has no knowledge of any possible divergent interest between himself and any member of the Class. Plaintiff has retained highly competent counsel experienced in complex litigation to provide representation on behalf of Plaintiff and the Class.

49. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants.

50. The prosecution of separate actions would also create a substantial risk of adjudications with respect to individual members of the Class, which would, as a practical matter,

9

be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

51. Questions of law and fact common to members of the Class predominate over any questions affecting individual members. The determinative facts and legal principles apply universally to Plaintiff and the members of the Class. Indeed, the predominant legal issue in this case, which cuts across the entire Class, is whether Defendant breached a legal duty universally owed to Plaintiff and the members of the Class by overcharging legally permissible fees and charges, charging legally impermissible fees and/or failing to disclose its overcharges and improper referrals. If liability against Defendants is established on the basis of the common facts applied to universally applicable principles of law, then damages can be precisely calculated based on objective data.

52. A class action is superior to other available methods for the fair and efficient adjudication of the controversy for reasons including that, due to the expense of pursuing individual litigation regarding Defendants' common course of conduct alleged herein, members of the Class would, as a practical matter, be effectively precluded from protecting and enforcing their legal rights. Prosecution of the action will require targeted discovery on complex issues and could not practically be pursued by individual litigants. Plaintiffs and the other Class members' damages are relatively small compared to the burden and expense that would be required to individually litigate the claims. In addition, individual litigation of Class members' claims would be impractical and unduly burdensome to the court system and has the potential to lead to inconsistent results based on identical conduct. A class action provides the benefits of a single adjudication, economy of scale, and comprehensive supervision of a single court.

## V. EQUITABLE TOLLING FOR CERTAIN CLASS MEMBERS

53. During the relevant period, certain Class members did not discover and could not have discovered, through the exercise of due diligence, Defendants' violations of RESPA and New Jersey law because Defendants did not disclose, and actively concealed, their unlawful billing and referral practices. Such Class members were unaware of and had no knowledge of Defendants' billing and business affiliate arrangements.

54. Such Class members could not have discovered Defendants' violations of law prior to filing suit because Defendants' illegal billing practices are inherently deceptive.

55. Defendants' conduct constitutes a continuing violation of the law, and thus, such Class members' claims did not accrue until exposure of the Defendants' illegal conduct via this lawsuit.

56. Plaintiff and the members of the Class will continue to be harmed by Defendants' deceptive and illegal practices.

## VI. CAUSES OF ACTION

**COUNT I     VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT ("CFA")**
**(Unconscionable Commercial Practices)**

57.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 56 of this Complaint as if fully alleged herein.

58.     The CFA, N.J.S.A. 56:8-2, prohibits:

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing [ ] concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise....

59.     Defendants are "persons" as defined by the CFA, N.J.S.A. 56:8-1 (d) and have sold "merchandise" as defined by the CFA, N.J.S.A. 56:8-1 (c).

60.     In the operation of its business, Defendants have engaged in the use of unconscionable commercial practices in connection with the sale of merchandise, including, but not limited to, title insurance and real estate settlement services.

61.     Defendant's conduct constitutes an unconscionable commercial practice in violation of the CFA, N.J.S.A. 56:8-2.

62.     Plaintiff and Class members suffered an ascertainable loss as a result of Defendants' false, misleading, or deceptive acts or promises as prohibited by N.J.S.A. 56:8-2.

63.     Pursuant to N.J.S.A. 56:8-19 and 56:8-146(a), Plaintiff and Class members are entitled to recover three times the actual amount of damages, together with court costs and reasonable attorneys' fees as a result of Defendants' violations of the CFA.

## COUNT II
### (Unjust Enrichment)

64. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 63 of this Complaint as if fully alleged herein.

65. Defendants have benefited by charging, collecting and retaining title insurance related fees and charges in excess of what is legally permitted.

66. Defendants unjustly charged Plaintiff and Class members for fees and charges.

67. Through the wrongful, fraudulent, unlawful, and illegal activities alleged above, Defendants used the illicit proceeds to benefit themselves.

68. As a result, Defendants have been unjustly enriched at Plaintiff's and Class Members' expense.

69. As a direct and proximate result of Defendants' charging, collecting, and retaining the fees and charges, Plaintiff and the Class members have suffered damages in an amount to be proved at trial.

## COUNT III
### VIOLATION OF SECTION (8)B OF RESPA
### (Markup and Unearned Fees)

70. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 69 of this Complaint as if fully alleged herein.

71. Throughout the Class Period, Defendants provided "settlement services" involving "federally related mortgage loans," as such terms are defined by RESPA §§ 2602(1) and (3). Such settlement services included, but were not limited to, title searches and insurance.

72. Section (8)b of RESPA ("Section (8)b)"), 12 USCS § 2607(b), provides that "[n]o person shall give and no person shall accept any portion, split, or percentage of any charge made

or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed."

73. Defendants' practice of charging Plaintiff and other Class members for markups, services not performed and other impermissible fees have violated Section (8)b's prohibition against mark-ups and unearned fees. Santiago v. GMAC Mortg. Group, Inc., 417 F.3d 384, 389-12 (3d Cir. 2005).

74. 12 U.S.C. § 2607(d) provides that "[a]ny person or persons who violate the prohibitions or limitations of this section [Section 8 of RESPA] shall be jointly and severally liable to the person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service."

75. Pursuant to RESPA, 12 U.S.C. § 2607(d), Defendants are jointly and severally liable to Plaintiffs and the Class in an amount equal to three times the amount they have paid for Defendants' settlement services as of the date of judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the proposed Class, respectfully requests that the Court enter an order and judgment against Defendants as follows:

a) Declaring that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for an order certifying this case as a class action;

b) An order appointing Plaintiff's counsel as Class Counsel for the proposed Class;

c) Issuing a permanent injunction requiring Defendants to cease and desist from its illegal billing practices;

d) Ordering Defendant to refund the illegal amounts charged to Plaintiff and the Class members;

  e)  Awarding treble damages to Plaintiff and all Class members pursuant to 12 U.S.C. § 2607(d)(2) and New Jersey Consumer Fraud Act;

  f)  Awarding costs and attorneys' fees to Plaintiff's Class Counsel pursuant to 12 U.S.C. § 2607(d)(5);

  g)  Awarding pre-judgment and post-judgment interest on any amount awarded; and

  h)  Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

                SHAIN SCHAFFER PC
                Attorneys for Plaintiff
                Scott D. Salmon, et al.

            By: /s/Marguerite M. Schaffer
Dated: September 18, 2024       Marguerite M. Schaffer, Esq.
                Xiaosong Li, Esq.