## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT D. SALMON, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> vs.<br><br>ACRES LAND TITLE AGENCY, INC., ABSOLUTE ESCROW SETTLEMENT CO., INC. and PETER A. UZZOLINO,<br><br>    Defendants. | Civil Action No.: 2:24-cv-09305<br><br><br><br>**Return Date: December 16, 2024**<br><br>**Oral Argument Requested** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ACRES LAND TITLE AGENCY, INC. AND A-ABSOLUTE ESCROW SETTLEMENT CO., INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, TO STRIKE ITS CLASS ACTION AND IMMATERIAL, IMPERTINENT AND SCANDALOUS ALLEGATIONS**

**McCARTER & ENGLISH, LLP**
Kristofor T. Henning, Esq.
1600 Market Street, Suite 3900
Philadelphia, PA 19103
Telephone:  (215) 979-3800
Facsimile:  (215) 979-3899
khenning@mccarter.com

Phillip S. Pavlick, Esq.
Wolfgang A. Albrecht, III, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 624-4444
Facsimile: (973) 624-7070
ppavlick@mccarter.com
walbrecht@mccarter.com

*Attorneys for Defendants Acres Land Title Agency, Inc. and A-Absolute Escrow Settlement Co., Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................... I

TABLE OF AUTHORITIES ....................................................................III

I.     PRELIMINARY STATEMENT ................................................... 1

II.    SUMMARY OF COMPLAINT .................................................... 4

III.   LEGAL STANDARD .................................................................. 5

IV.    ARGUMENT ............................................................................... 6

       A.    THE COURT SHOULD DISMISS PLAINTIFF'S CFA
             CLAIM. ........................................................................... 6

             1.    Plaintiff Does Not Allege Actionable "Unlawful
                   Conduct" In The Form Of Deceptive Conduct By Either
                   Acres Or Absolute. ................................................. 6

             2.    Plaintiff Does Not Allege "Unlawful Conduct" By A-
                   Absolute That Caused Him To Suffer An Ascertainable
                   Loss. ....................................................................... 9

             3.    Plaintiff Does Not Allege "Unlawful Conduct" By Acres
                   That Caused Him To Suffer An Ascertainable Loss For
                   At Least Some Of The Challenged Charges. ............... 9

       B.    THE COURT SHOULD DISMISS PLAINTIFF'S UNJUST
             ENRICHMENT CLAIM (COUNT II) .............................. 10

             1.    New Jersey Law Does Not Permit Unjust Enrichment As
                   An Independent Tort Cause of Action. ...................... 10

             2.    Plaintiff Does Not Allege That He Expected
                   Remuneration From Defendants. ............................. 11

       C.    THE COURT SHOULD DISMISS PLAINTIFF'S RESPA
             CLAIM (COUNT III) ..................................................... 12

             1.    Plaintiff's RESPA § 8(b) Claim Is Time Barred. ....... 12

2.      Plaintiff's RESPA § 8(b) Claim Fails As A Matter Of Law.................................................................................15

            a.      Plaintiff's Claim Against A-Absolute Fails. ..................16

            b.      Plaintiff's Claim Against Acres Fails At Least In Part. .................................................................................16

    D.      IF ANY CLAIM SURVIVES, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF. ...................................................................................16

    E.      IF ANY CLAIM SURVIVES, THE COURT SHOULD STRIKE THE COMPLAINT'S CLASS ACTION ALLEGATIONS. ............................................................................17

        1.      Plaintiff's Putative Class Period Is Overbroad. ........................19

        2.      Plaintiff Cannot Satisfy Fed. R. Civ. P. 23(a)'s Typicality And Adequacy Requirements. ..................................................20

        3.      Plaintiff Seeks To Certify An Improper "Fail-Safe" Class. .........................................................................21

    F.      IF ANY CLAIM SURVIVES, THE COURT SHOULD STRIKE THE COMPLAINT'S KICKBACK/REFERRAL ALLEGATIONS. ..........................................................................23

V.  CONCLUSION.............................................................................26

ME1 51140550v.1

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Advanta Corp. Sec. Litig.*,
180 F.3d 525 (3d Cir. 1999) ...............................................................6

*Allen v. LaSalle Bank, N.A.*,
No. 08-2240, 2012 WL 1898612 (D.N.J. May 23, 2012) ..........................9, 10

*Amchem Prod., Inc. v. Windsor*,
521 U.S. 591 (1997) ..........................................................................20

*Arthur v. United Indus. Corp.*,
No. 17-06983, 2018 WL 2276636 (C.D. Cal. May 17, 2018) ...........................20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................5

*Bigelow v. Syneos Health, LLC*,
No. 20-28, 2020 WL 5078770 (E.D.N.C. Aug. 27, 2020) ...............................22

*Castro v. NYT Television*,
370 N.J. Super. 282 (App. Div. 2004) ................................................11

*Cnty. of Hudson v. Janiszewski*,
520 F. Supp. 2d 631 (D.N.J. 2007) ....................................................13

*Cox v. Sherman Capital LLC*,
No. 12-01654, 2016 WL 274877 (S.D. Ind. Jan. 22, 2016) ..........................22

*Cunningham Charter Corp. v. Learjet, Inc.*,
258 F.R.D. 320 (S.D. Ill. 2009) ..........................................................21

*Cunningham v. M&T Bank Corp.*,
814 F.3d 156 (3d Cir. 2016) ...............................................12, 13, 14

ME1 51140550v.1

*Daloisio v. Liberty Mut. Fire Ins. Co.*,
   754 F. Supp. 2d 707 (D.N.J. 2010) ...................................................................6

*DeHart v. U.S. Bank, N.A. ND*,
   811 F. Supp. 2d 1038 (D.N.J. 2011) ............................................................9, 10

*Delaware Health Care, Inc. v. MCD Holding Co.*,
   893 F. Supp. 1279 (D. Del. 1995) .................................................................23

*Donnelly v. Option One Mortg. Corp.*,
   No. 11-7019, 2013 WL 3336766 (D.N.J. July 1, 2013) ......................................8

*Drenckhahn v. Costco Wholesale Corp.*,
   No. 08-01408, 2008 WL 11336775 (C.D. Cal. May 15, 2008).........................19

*EnviroFinance Grp., LLC v. Env't Barrier Co., LLC*,
   440 N.J. Super. 325 (App. Div. 2015) ...........................................................11

*Freeman v. Quicken Loans*,
   566 U.S. 624 (2012).......................................................................................15

*Galiano v. Fid. Nat. Title Ins. Co.*,
   684 F.3d 309 (2d Cir. 2012) ..........................................................................15

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982).......................................................................................19

*Hemy v. Perdue Farms, Inc.*,
   No. 11-888, 2011 WL 6002463 (D.N.J. Nov. 30, 2011)....................................11

*In re Johnson & Johnson Talcum Powder Prods. Marketing, Sales
   Practices and Liab. Litig.*,
   903 F.3d 278 (3d Cir. 2018) ...........................................................................17

*Jurista v. Amerinox Processing, Inc.*,
   492 B.R. 707 (D.N.J. 2013) ............................................................................10

*Lafferty v. Sherwin-Williams Co.*,
   No. 17-06321, 2018 WL 3993448 (D.N.J. Aug. 21, 2018)................................18

*Marcus v. BMW of N. Am., LLC*,
   687 F.3d 583 (3d Cir. 2012) ...........................................................................20

iv

*Martinez v. Equifax Inc.*,
No. 15-2100, 2016 WL 226639 (D.N.J. Jan. 19, 2016) .....................................18

*McGuire v. BMW of N. Am., LLC*,
No. 13-7356, 2014 WL 2566132 (D.N.J. June 6, 2014) ...................................10

*McIntyre v. Marriott Int'l, Inc.*,
No. 07-4423, 2008 WL 11510405 (D.N.J. July 25, 2008)................................13

*McTernan v. City of York*,
564 F.3d 636 (3d Cir. 2009) .................................................................5

*Mele v. Fed. Reserve Bank of N.Y.*,
359 F.3d 251 (3d Cir. 2004) .................................................................5

*Mladenov v. Wegmans Food Markets, Inc.*,
124 F. Supp. 3d 360 (D.N.J. 2015).......................................................7

*Neuss v. Rubi Rose, LLC*,
No. 16-2339, 2017 WL 2367056 (D.N.J. May 31, 2017) ................................11

*New Jersey Citizen Action v. Schering-Plough Corp.*,
367 N.J. Super. 8 (App. Div. 2003) .....................................................7

*In re Ogbebor*,
No. 15-11420, 2015 WL 5177739 (Bankr. D.N.J. Sept. 3, 2015).......................8

*Olmeda v. Raider Env't Servs. of Fla.*,
No. 15-20073, 2015 WL 12828120 (S.D. Fla. Apr. 21, 2015)..........................24

*Pappaldaro v. Combat Sports, Inc.*,
No. 11–1320, 2011 WL 6756949 (D.N.J. Dec. 23, 2011)................................10

*Park v. M & T Bank Corp.*,
No. 09-02921, 2010 WL 1032649 (D.N.J. Mar. 16, 2010)...............................11

*Patetta v. Wells Fargo Bank, NA*,
No. 09-2848, 2009 WL 2905450 (D.N.J. Sept. 10, 2009)................................13

*Ramirez v. Baxter Credit Union*,
No. 16-03765, 2017 WL 1064991 (N.D. Cal. Mar. 21, 2017)..........................19

ME1 51140550v.1

*Randleman v. Fid. Nat. Title Ins. Co.*,
646 F.3d 347 (6th Cir. 2011) ...............................................................22

*Ruzhinskaya v. Healthport Techs., LLC*,
311 F.R.D. 87 (S.D.N.Y. 2015) .............................................................19

*Seybold v. Weld Cnty. Sheriff's Off.*,
No. 08009-16, 2008 WL 4489269 (D. Colo. Oct. 1, 2008)................................24

*Smith v. State Farm Fire & Cas. Co.*,
No. 19-10319, 2020 WL 6938432 (D.N.J. Nov. 25, 2020)................................18

*Soto v. Quicken Loans*,
No. 09-4862, 2010 WL 5169024 (D.N.J. Dec. 14, 2010) ...............................12

*Swift v. Pandey*,
No. 13–649, 2014 WL 1366436 (D.N.J. Apr. 7, 2014)....................................10

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021).............................................................................17

*Tubbs v. N. Am. Title Agency, Inc.*,
531 F. App'x 262 (3d Cir. 2013) ...........................................................15

*VRG Corp. v. GKN Realty Corp.*,
135 N.J. 539 (1994) .............................................................................11

*Webb v. Westinghouse Elec. Corp.*,
78 F.R.D. 645 (E.D. Pa. 1978)...............................................................19

*Williams v. Bristol-Myers Squibb Co.*,
No. 22-6097, 2023 U.S. Dist. LEXIS 226112 (D.N.J. Dec. 18,
2023) ................................................................................................18

*Williams v. Empire Funding Corp.*,
227 F.R.D. 362 (E.D. Pa. 2005)..............................................................21

*Young v. Nationwide Mut. Ins. Co.*,
693 F.3d 532 (6th Cir. 2012) ................................................................21

*Zarichny v. Complete Payment Recovery Servs., Inc.*,
80 F. Supp. 3d 610 (E.D. Pa. 2015)........................................................21

ME1 51140550v.1

**Statutes**

12 U.S.C. § 2607 .................................................................*passim*

12 U.S.C. § 2614 .................................................................12

N.J.S.A. 2A:14-1 ..............................................................19

**Rules**

Fed. R. Civ. P. 8 ................................................................2

Fed. R. Civ. P. 9 ................................................................6, 7

Fed. R. Civ. P. 12 ..........................................................1, 3, 5, 13, 23

Fed. R. Civ. P. 23 ..............................................................*passim*

**Other Authorities**

5A Charles A. Wright & Arthur R. Miller, Federal Practice and
    Procedure § 1382 (2d ed. 1990).............................................23

2 Moore's Federal Practice - Civil § 12.37 (2024)...............................23

## I.    **PRELIMINARY STATEMENT**

Defendants Acres Land Title Agency, Inc. ("Acres") and A-Absolute Escrow Settlement Co., Inc.[1] ("A-Absolute") (collectively, "Defendants") request that the Court dismiss Plaintiff Scott D. Salmon's ("Plaintiff's") Complaint [ECF No. 3] with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, strike both (i) the class allegations in the Complaint pursuant to Fed. R. Civ. P. 23(d)(1)(D) and (ii) the allegations regarding alleged kickbacks/business referrals pursuant to Fed. R. Civ. P. 12(f).

Plaintiff bought a home in April 2022 and he alleges that both Acres and A-Absolute provided settlement/closing related services for his purchase.  His lawsuit complains that at least certain of Acres's and A-Absolute's charges were improper. Plaintiff asserts three claims for (i) violation of the New Jersey Consumer Fraud Act ("CFA") (Count I); (ii) unjust enrichment (Count II); and (iii) violation of § 8(b) (12 U.S.C. § 2607(b)) of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq.* ("RESPA") (Count III).  All of Plaintiff's claims fail as a matter of law.

Plaintiff's CFA claim against both Defendants fails because he does not allege facts demonstrating "unlawful conduct" by either.  Plaintiff claims Defendants engaged in deceptive conduct but he does not identify the content of

---

[1] A-Absolute Escrow Settlement Co., Inc. is misidentified in the caption of the Complaint as "Absolute Escrow Settlement Co., Inc."

1

any alleged misrepresentation he claims he received from either Acres or A-Absolute. Nor could he. Therefore, he has not satisfied the pleading requirements of Fed. R. Civ. P. 8, let alone 9(b).

Not only that, but Plaintiff does not allege that A-Absolute performed no work for any of its charges – the amounts for which were dictated by law. Plaintiff cannot allege either "unlawful conduct" or an ascertainable loss for this reason as well. The same is true for at least some of the challenged charges by Acres.

Plaintiff's unjust enrichment claim fails for two reasons that are common to both Acres and A-Absolute. First, Plaintiff's claim is based on allegations of tortious conduct by Defendants (*i.e.*, fraud), but it is well settled that New Jersey law does not recognize an unjust enrichment claim that sounds in tort. Second, Plaintiff does not (and could not) allege that he expected any remuneration from Defendants – a necessary element of his claim.

Plaintiff's RESPA § 8(b) claim fails against both Defendants because it is time-barred. Plaintiff's claim is governed by a one-year limitations period, but he did not file this lawsuit until more than two years after the closing for his home purchase transaction. The discovery rule cannot help Plaintiff because it does not apply as a matter of law to RESPA § 8(b) claims. Plaintiff's claim also fails in its entirety against A-Absolute and at least in part against Acres because it does not

allege that Defendants both performed no work for the relevant charges and split those charges with someone else.

The Court should dismiss Plaintiff's Complaint in its entirety but, if any claim survives, the Court should strike two different categories of its allegations. First, the Court should strike the class action allegations in the Complaint pursuant to Fed. R. Civ. P. 23(d)(1)(D) because: (i) Plaintiff's more than nine-year putative class period is overbroad in comparison to the longest statute of limitations applicable to his claims (six years); (ii) Plaintiff cannot satisfy the typicality or adequacy requirement in Fed. R. Civ. P. 23(a) because he does not assert the claim reflected in his putative class definition; and (iii) Plaintiff's proposed class is an improper "fail-safe" class that requires an ultimate liability finding to determine class membership.

Second, the Court should strike the Complaint's allegations about alleged kickbacks and unlawful business referrals pursuant to Fed. R. Civ. P. 12(f). There is no allegation in the Complaint that either Acres or A-Absolute engaged in any alleged kickback or unlawful business referral in connection with Plaintiff's home purchase and, therefore, none of Plaintiff's claims seek relief on that basis. Therefore, the Complaint's allegations about alleged kickbacks and unlawful business referrals are "immaterial," "impertinent," and "scandalous" within the meaning of Fed. R. Civ. P. 12(f) and should be stricken.

3

## II.   **SUMMARY OF COMPLAINT**

Plaintiff is a New Jersey resident who closed on the purchase of his home on April 29, 2022.  (Compl., ¶¶ 11, 24).  He alleges that he "utilized Acres . . . as his title insurance agency" and that it also provided settlement services for his purchase.  (*Id.*, ¶¶ 24, 60, 71).  He also alleges that A-Absolute provided certain settlement/closing related services for his purchase.  (*Id.*, ¶¶ 32-34, 60, 71).

Plaintiff alleges that Acres imposed the following charges on him.[2]

| Charge | Amount |
|---|---|
| Tax and Assessment Searches | $50.00 |
| Flood Hazard Certificate | $25.00 |
| Tidelands Search | $45.00 |
| Transaction Management Fee | $25.00 |
| Secondary Mortgage Market Endorsement | $25.00 |

These charges are reflected on the invoice referenced in the Complaint.[3]  (*See id.*, ¶ 24; Certification of Kristofor T. Henning, Ex. 1).

---

[2] Plaintiff also contends that Acres charged Plaintiff $25.00 for an Overnight Fee. (Compl., ¶ 25).  The invoice and closing disclosure, however, contain no $25.00 Overnight Fee.

4

Similarly, Plaintiff alleges that A-Absolute charged him for the following:

| Charge | Amount |
|---|---|
| Title Examination Fee | $35.00 |
| Overnight Fee | $30.00 |

(Compl., ¶¶ 33-34.)

### III.    <u>LEGAL STANDARD</u>

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'. . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord McTernan v. City of York*, 564 F.3d 636, 646 (3d Cir. 2009). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

---

[3] Because the invoice is referenced in and integral to the Complaint, it is appropriately considered on a motion to dismiss. *See, e.g., Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 255 n. 5 (3d Cir. 2004).

ME1 51140550v.1

The heightened pleading standard of Fed. R. Civ. P. 9(b) also applies to Plaintiff's CFA claim against both Acres and A-Absolute. *See Daloisio v. Liberty Mut. Fire Ins. Co.*, 754 F. Supp. 2d 707, 709 (D.N.J. 2010) ("Claims under the CFA are required to meet the particularity requirement of Fed.R.Civ.P. 9(b)."). Under Fed. R. Civ. P. 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) "requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (citation and internal quotation marks omitted).

## IV.   <u>ARGUMENT</u>

## A. THE COURT SHOULD DISMISS PLAINTIFF'S CFA CLAIM.

The Court should dismiss Plaintiff's CFA claim against both Defendants because it does not allege facts establishing the required "unlawful conduct" element of his claim. Specifically, Plaintiff does not allege that either Acres or A-Absolute made a misrepresentation to him. Neither does Plaintiff allege that A-Absolute performed no work for the challenged charges or that Acres performed no work for at least some of its charges at issue in this lawsuit.

1. **Plaintiff Does Not Allege Actionable "Unlawful Conduct" In The Form Of Deceptive Conduct By Either Acres Or Absolute.**

"[T]o state a claim under the CFA, a plaintiff must allege each of three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the

part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." *New Jersey Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8, 12–13 (App. Div. 2003). Plaintiff alleges that Defendants engaged in "unconscionable" conduct, but he does not allege that he suffered an ascertainable loss as a result of any such conduct. (Compl., ¶¶ 60-61). Therefore, he cannot sustain a CFA claim based on any alleged "unconscionable" conduct.

Plaintiff does at least attempt to allege that he suffered an ascertainable loss as a result of allegedly "false, misleading, or deceptive acts or promises" from Defendants. (*Id.*, ¶ 62). Thus, Plaintiff's CFA claim rises or falls on the question of whether his Complaint sufficiently alleges "unlawful conduct" in the form of actionable deceptive conduct by Defendants. It does not.

Nowhere in the Complaint does Plaintiff identify the content of any alleged misrepresentation or false statement he claims either Acres or A-Absolute made to him, let alone provide the additional information required by Fed. R. Civ. P. 9(b). His CFA claim based on allegedly "false, misleading, or deceptive acts or promises" necessarily fails as a result. *See Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 373 (D.N.J. 2015) (explaining that "[t]his Court has found a complaint not to successfully plead unlawful conduct when plaintiffs did not specify the 'precise substance of the alleged misrepresentations which gave rise

to their claims.'"); *In re Ogbebor*, No. 15-11420, 2015 WL 5177739, at *4 (Bankr. D.N.J. Sept. 3, 2015) (dismissing CFA claim because plaintiff did not describe specific alleged misrepresentations with particularity); *Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2013 WL 3336766, at *7 (D.N.J. July 1, 2013) (granting motion to dismiss CFA claim because plaintiff failed to "allege any unlawful action specifically taken by" defendant).

It is no accident or oversight that Plaintiff cannot identify any misrepresentation Acres or A-Absolute made to him. His own Complaint reveals any such allegation would be impossible. Specifically, rather than claim that Defendants made misrepresentations to hide the nature of their charges, Plaintiff alleges that the invoice he received from Acres actually disclosed the "apparent markups" that are the basis for his lawsuit. (*See* Compl., ¶ 25 ("The invoice from Acres Title to Plaintiff (the 'Invoice') reveals that apparent markups . . . .")). Therefore, according to his own allegations, Plaintiff simply cannot allege the "unlawful conduct" element of his claim.

Plaintiff's inability to allege "unlawful conduct" in the form of deceptive conduct precludes his claim against both Defendants without the need for further analysis. That is not the only failure in Plaintiff's CFA claim, however. As explained below, he has also failed to allege "unlawful conduct" and an

8

ascertainable loss against A-Absolute for all of the challenged charges and against Acres for at least some of the challenged charges.

### 2. Plaintiff Does Not Allege "Unlawful Conduct" By A-Absolute That Caused Him To Suffer An Ascertainable Loss.

Plaintiff challenges two charges from A-Absolute: (i) a $35 Title Examination Fee; and (ii) a $30 Overnight Fee. (Compl., ¶¶ 30, 34). For neither, however, does Plaintiff allege that A-Absolute performed no work. And, as the Complaint itself makes clear, A-Absolute had no discretion in deciding how much to charge Plaintiff. The amounts of those charges were dictated by the "Rate Manual" described in the Complaint.[4] (Compl., ¶ 19). Plaintiff cannot allege either "unlawful conduct" or an ascertainable loss where A-Absolute actually performed work for the mandatory amount of the relevant charges. *See Allen v. LaSalle Bank, N.A.*, No. 08-2240, 2012 WL 1898612, at *3 (D.N.J. May 23, 2012); *DeHart v. U.S. Bank, N.A. ND*, 811 F. Supp. 2d 1038, 1050 (D.N.J. 2011).

### 3. Plaintiff Does Not Allege "Unlawful Conduct" By Acres That Caused Him To Suffer An Ascertainable Loss For At Least Some Of The Challenged Charges.

The same is true for at least some of the charges Plaintiff challenges from Acres—the Transaction Management Fee and Secondary Mortgage Market Endorsement. (Compl., ¶¶ 26-27). Again, for neither of those charges does

---

[4] The New Jersey Land Title Insurance Rating Bureau's Manual of Rate and Charges (the "Rate Manual") contains the rates, fees and charges approved by the Commissioner of Banking and Insurance.

9

Plaintiff allege that Acres performed no work at all and, as explained above, the amounts of those charges were dictated by the "Rate Manual."  (Compl., ¶ 19). Plaintiff cannot allege either "unlawful conduct" or an ascertainable loss for those charges where Acres actually performed work for the mandatory amount of the relevant charges.  *See Allen*, 2012 WL 1898612, at \*3; *DeHart*, 811 F. Supp. 2d at 1050.

## B. THE COURT SHOULD DISMISS PLAINTIFF'S UNJUST ENRICHMENT CLAIM (COUNT II).

The Court should dismiss Plaintiff's unjust enrichment claim against both Defendants because (i) it seeks to assert an independent tort claim that is not recognized under New Jersey law and (ii) Plaintiff does not allege that he expected remuneration from Defendants.

### 1. New Jersey Law Does Not Permit Unjust Enrichment As An Independent Tort Cause of Action.

"New Jersey does not recognize unjust enrichment as an independent tort cause of action." *McGuire v. BMW of N. Am., LLC*, No. 13-7356, 2014 WL 2566132, at \*3 (D.N.J. June 6, 2014); *Swift v. Pandey*, No. 13–649, 2014 WL 1366436, \*5 (D.N.J. Apr. 7, 2014) (dismissing claim because "the conduct underlying Plaintiff's unjust enrichment claim sounds in tort"); *see also Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 755 (D.N.J. 2013); *Pappaldaro v. Combat Sports, Inc.*, No. 11–1320, 2011 WL 6756949, \*11 (D.N.J. Dec. 23, 2011).

ME1 51140550v.1

That is precisely the claim Plaintiff seeks to assert, however.  Plaintiff alleges that Defendants' conduct that is the subject of his lawsuit was, in his words, "deceptive," "fraudulent," and/or "misleading" – classic tort language.  (Compl., ¶¶ 54, 56, 62, 67).  Therefore, his unjust enrichment claim fails as a matter of law. *See, e.g., Neuss v. Rubi Rose, LLC*, No. 16-2339, 2017 WL 2367056, at *8 (D.N.J. May 31, 2017) (dismissing unjust enrichment claim alleging deceptive labeling "because New Jersey does not recognize unjust enrichment as an independent tort cause of action").

### 2. **Plaintiff Does Not Allege That He Expected Remuneration From Defendants.**

Under New Jersey law, "[t]he unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant . . . ."  *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994); *accord EnviroFinance Grp., LLC v. Env't Barrier Co., LLC*, 440 N.J. Super. 325, 350 (App. Div. 2015); *Castro v. NYT Television*, 370 N.J. Super. 282, 299 (App. Div. 2004); *Hemy v. Perdue Farms, Inc.*, No. 11-888, 2011 WL 6002463, at *22 (D.N.J. Nov. 30, 2011).  Plaintiff does not allege any such expectation for his unjust enrichment claim, however.  (Compl., ¶¶ 64-69).  Therefore, his claim fails as a matter of law.  *See, e.g., Hemy*, 2011 WL 6002463, at *23 (dismissing unjust enrichment claim because plaintiffs did not

allege expectation of remuneration from defendant); *Park v. M & T Bank Corp.*, No. 09-02921, 2010 WL 1032649, at *9 (D.N.J. Mar. 16, 2010) (same).

## C. THE COURT SHOULD DISMISS PLAINTIFF'S RESPA CLAIM (COUNT III).

The Court should dismiss Plaintiff's RESPA § 8(b) claim against both Defendants because it is time barred. It should dismiss that claim against A-Absolute for the additional reasons that Plaintiff does not allege that A-Absolute (i) performed no work for its charges and (ii) split those charges with anyone else. Similarly, the Court should dismiss that portion of Plaintiff's claim against Acres that is based on charges for which there is no allegation that Acres performed no work for the charge and split the charge with anyone else.

### 1. Plaintiff's RESPA § 8(b) Claim Is Time Barred.

Plaintiff's RESPA § 8(b) claim is governed by a one-year statute of limitations that runs "from the date of the occurrence of the violation" 12 U.S.C. § 2614; *see also id.* (providing one-year statute of limitations for claims asserted under, *inter alia*, "section 2607"); (*See* Compl., ¶¶ 72, 74-75 (relying on RESPA § 2607)). Here, the "occurrence of the violation" took place no later than the closing date for Plaintiff's home purchase—April 29, 2022. (Compl., ¶ 24); *see also Cunningham v. M&T Bank Corp.*, 814 F.3d 156, 160 (3d Cir. 2016) (statute of limitations runs from "closing of the loan"). Plaintiff did not file this lawsuit until September 19, 2024, however – more than two years later. Therefore, his RESPA

§ 8(b) claim is time barred. *See, e.g., Soto v. Quicken Loans*, No. 09-4862, 2010 WL 5169024, at *7 (D.N.J. Dec. 14, 2010) (dismissing RESPA claim filed more than one year after closing); *McIntyre v. Marriott Int'l, Inc.*, No. 07-4423, 2008 WL 11510405, at *4 (D.N.J. July 25, 2008) (dismissing RESPA claim as time barred); *Patetta v. Wells Fargo Bank, NA*, No. 09-2848, 2009 WL 2905450, at *5 (D.N.J. Sept. 10, 2009).[5]

Recognizing this fundamental flaw in his claim, Plaintiff makes a conscious—but unsuccessful—attempt to avoid the statute of limitations. (Compl., ¶¶ 53-56). Plaintiff titles that effort: "Equitable Tolling For Certain Class Members," but it clearly relies on the discovery rule. (*See id.*, ¶ 53 (alleging that "[d]uring the relevant period, certain Class members did not discover and could not have discovered, through the exercise of due diligence, Defendants' violations of RESPA and New Jersey law because Defendants did not disclose, and actively concealed, their unlawful billing and referral practices"); ¶ 54 (alleging that "[s]uch Class members could not have discovered. . . .")). Because the governing statute of limitations runs from the "occurrence of the violation," however, the

---

[5] "Although a statute of limitations defense is usually unavailable in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), an exception arises where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Cnty. of Hudson v. Janiszewski*, 520 F. Supp. 2d 631, 649 (D.N.J. 2007), *as amended* (Nov. 5, 2007) (citation and internal quotation marks omitted), *aff'd*, 351 F. App'x 662 (3d Cir. 2009). As explained above, that is the case here.

discovery rule does not apply as a matter of law. *See Cunningham*, 814 F.3d at 162 ("However, the discovery rule is not apt for RESPA claims because Congress specifically provided that the limitations period begins to run on 'the date of the occurrence of the violation." (citation omitted)).

Even if Plaintiff meant to rely on principles of equitable tolling—and not the discovery rule—it remains clear from the face of the Complaint that his claim is time barred. Indeed, while Plaintiff alleges that unidentified "certain Class members" (Compl. ¶ 53) did not know of their claims within the limitations period, he makes no such allegation about himself. Nor could he. According to Plaintiff's own Complaint, "the invoice from Acres Title to Plaintiff" provided at closing reveals the allegedly improper nature of its charges. (*See id.* ¶ 25 (alleging that the "invoice from Acres Title to Plaintiff (the 'Invoice') reveals that apparent markups were made to various pass-through costs")). Plaintiff cannot invoke the "extraordinary remedy" of equitable tolling where, according to his own allegations, he knew of his claim the same day the limitations period began to run. *Cunningham*, 814 F.3d at 161.[6]

---

[6] In fact, at least according to the Complaint, it appears Plaintiff's view is that the statute of limitations did not begin to run until he filed this lawsuit. (Compl., ¶ 55). The Third Circuit already rejected an even less radical position, however. *See Cunningham*, 814 F.3d at 164 ("Indeed, accepting Plaintiffs' theory in this case— tolling indefinitely the limitations period for claims under RESPA until a lawyer can find the right plaintiff to join a lawsuit and notify other putative plaintiffs— would effectively write the statute of limitations out of RESPA.").

14

2.  **Plaintiff's RESPA § 8(b) Claim Fails As A Matter Of Law.**

RESPA § 8(b) provides that "[n]o person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b). As the Supreme Court has explained: "In our view, § 2607(b) unambiguously covers only a settlement-service provider's splitting of a fee with one or more other persons; it cannot be understood to reach a single provider's retention of an unearned fee." *Freeman v. Quicken Loans*, 566 U.S. 624, 631 (2012); *see also id.* at 633 ("The phrase 'portion, split, or percentage' reinforces the conclusion that 2607(b) does not cover a situation in which a settlement-service provider retains the entirety of a fee received from a consumer."); *Tubbs v. N. Am. Title Agency, Inc.*, 531 F. App'x 262, 266 (3d Cir. 2013) ("[O]vercharges, which are merely a windfall, do not violate § 8(b).""). Further, a settlement-service provider cannot violate § 8(b) if it "actually performed" services for the relevant charge—even if the consumer believes it charged too much. *See Freeman*, 566 U.S. at 638 (explaining that § 8(b) "manifestly cannot be understood to prohibit unreasonably high fees"); *Galiano v. Fid. Nat. Title Ins. Co.*, 684 F.3d 309, 314 (2d Cir. 2012) (explaining that §8(b) "is not a price-control statute"); *see also* 12 U.S.C. 2607(b) (prohibiting giving or

accepting "any portion, split, or percentage of any charge . . . ***other than for services actually performed***" (emphasis added)).

### a.  Plaintiff's Claim Against A-Absolute Fails.

Again, Plaintiff challenges two charges from A-Absolute: (i) a $35 Title Examination Fee; and (ii) a $30 Overnight Fee.  (Compl., ¶¶ 30, 34).  For neither, however, does Plaintiff allege that A-Absolute performed no work.  Neither does Plaintiff allege that A-Absolute split any part of either charge with anyone else.  Therefore, Plaintiff has not stated a viable claim against A-Absolute for violation of RESPA § 8(b).

### b.  Plaintiff's Claim Against Acres Fails At Least In Part.

Plaintiff's RESPA § 8(b) claim against Acres fails for the same reasons as it pertains to (i) the Transaction Management Fee and (ii) the Secondary Mortgage Market Endorsement.  (Compl., ¶¶ 26-27).  Again, for neither of those charges does Plaintiff allege that Acres performed no work at all or split the charge with anyone else.  Therefore, he has not stated a viable RESPA § 8(b) claim against Acres for those charges.

## D. IF ANY CLAIM SURVIVES, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF.

For all of the reasons described above, the Court should dismiss Plaintiff's Complaint in its entirety.  If any portion of the Complaint survives, however, the Court should dismiss Plaintiff's request for a "permanent injunction requiring

Defendants to cease and desist its [sic] illegal billing practices" for lack of standing.  (Compl. at 14).  "[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each . . . form of relief that they seek (for example, injunctive relief and damages)."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431, (2021).  To have standing to seek injunctive relief, a plaintiff must "establish that []he is likely to suffer future injury from the defendant's conduct."  *In re Johnson & Johnson Talcum Powder Prods. Marketing, Sales Practices and Liab. Litig.*, 903 F.3d 278, 292 (3d Cir. 2018) (citation and internal quotation marks omitted); *see also TransUnion*, 594 U.S. at 435 (requiring "risk of harm [that] is sufficiently imminent and substantial").

Plaintiff, however, now claims to know the actual nature of Defendants' charges and, therefore, he cannot be harmed in the future by any failure by Defendants to explain them.  *See, e.g., Johnson & Johnson*, 903 F.3d at 293 ("She is simply not at risk of suffering an economic 'injury,' and we will not 'give cognizance to this sort of 'stop me before I buy again' claim.").  Accordingly, Plaintiff lacks standing to seek injunctive relief.

## E. IF ANY CLAIM SURVIVES, THE COURT SHOULD STRIKE THE COMPLAINT'S CLASS ACTION ALLEGATIONS.

If any of Plaintiff's claims survives, the Court should strike the class action allegations in the Complaint pursuant to Fed. R. Civ. P. 23(d)(1)(D), which authorizes the Court to "issue orders" in putative class action lawsuits that "require

17

that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  Courts in this District recognize the propriety of striking class allegations at the pleadings stage when it is clear from the face of the Complaint that the plaintiff will not be able to sustain his burden of proving any of the requirements for class certification found in Fed. R. Civ. P. 23.  *See, e.g.*, *Williams v. Bristol-Myers Squibb Co.*, No. 22-6097, 2023 U.S. Dist. LEXIS 226112, at *11 (D.N.J. Dec. 18, 2023) (striking class allegations "[b]ecause Plaintiff would be unable to satisfy the threshold requirement of commonality"); *Smith v. State Farm Fire & Cas. Co.*, No. 19-10319, 2020 WL 6938432, at *10 (D.N.J. Nov. 25, 2020) (explaining the case was one of those where class allegations can be stricken because "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met" (citation and internal quotation marks omitted)); *Lafferty v. Sherwin-Williams Co.*, No. 17-06321, 2018 WL 3993448, at *6 (D.N.J. Aug. 21, 2018) (striking class allegations on motion to dismiss); *Martinez v. Equifax Inc.*, No. 15-2100, 2016 WL 226639, at *4 (D.N.J. Jan. 19, 2016) (granting motion to strike class allegations at pleading stage because it was "clear at this early stage of the litigation, as a matter of law, that this Court would never grant a motion for class certification involving this class definition").  In fact, the Supreme Court has explained that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the

absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

The Court should strike Plaintiff's class action allegations for three reasons: (i) his putative class period is overbroad; (ii) he cannot possibly satisfy Fed. R. Civ. P. 23(a)'s typicality and adequacy requirements; and (iii) he seeks certification of an improper "fail-safe" class.

### 1. Plaintiff's Putative Class Period Is Overbroad.

Plaintiff filed this lawsuit on September 19, 2024, but his putative class period extends back more than nine years to January 1, 2015 (Compl., ¶ 42) – even though the longest statute of limitations for any of his claims (CFA) is six years. N.J.S.A. 2A:14-1. It is well-settled, however, that any putative class period should correspond to the applicable statute of limitations. *See, e.g., Ruzhinskaya v. Healthport Techs., LLC*, 311 F.R.D. 87, 109 (S.D.N.Y. 2015); *see also Webb v. Westinghouse Elec. Corp.*, 78 F.R.D. 645, 653 (E.D. Pa. 1978) ("Time is the final dimension used to define the class to be certified. This dimension depends upon the statutes of limitations which apply to foreclose the claims asserted by the class representatives."). Thus, Plaintiff's putative class period is improper and should be stricken. *See, e.g., Ramirez v. Baxter Credit Union*, No. 16-03765, 2017 WL 1064991, at *8 (N.D. Cal. Mar. 21, 2017) (striking class period as facially invalid where it stretched back further than applicable statute of limitations); *Drenckhahn*

*v. Costco Wholesale Corp.*, No. 08-01408, 2008 WL 11336775, at *5 (C.D. Cal. May 15, 2008) (striking at outset of litigation class allegations beyond the applicable statutes of limitations for two claims).

### 2. Plaintiff Cannot Satisfy Fed. R. Civ. P. 23(a)'s Typicality And Adequacy Requirements.

A class action plaintiff must prove, *inter alia*, both that (i) "the claims . . . of the representative parties are typical of the claims or defenses of the class" (typicality) and (ii) "the representative parties will fairly and adequately protect the interests of the class" (adequacy).  Fed. R. Civ. P. 23(a)(3) & (4).  The typicality requirement is designed to ensure that the named plaintiff's claims are not "markedly different" from those of the putative class members.  *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 598 (3d Cir. 2012); *Arthur v. United Indus. Corp.*, No. 17-06983, 2018 WL 2276636, at *8 (C.D. Cal. May 17, 2018).  Similarly, the adequacy requirement ensures that the named plaintiff's interests do not conflict with those of the putative class and, more specifically, that he "possess[es] the same interest and suffer[s] the same injury as the class members."  *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997) (citation and internal quotation marks omitted).

Plaintiff's own Complaint demonstrates that he could never meet his burden of proving either the typicality or adequacy requirement.  His putative class definition is limited to persons who "paid for a policy of **title insurance** issued by

20

Acres Title Defendants" and "paid more than the statutorily permitted fees and charges for such **_title insurance_**." (Compl., ¶ 42 (emphasis added)). Plaintiff's putative class definition, therefore, clearly envisions claims by putative class members alleging improper charges for title insurance. Plaintiff, however, does not allege that either Defendant charged him too much **_for title insurance_**. He claims instead that they charged him too much for certain settlement/closing related services. (*Id.*, ¶¶ 25-38). Consequently, because Plaintiff does not assert the same claim or allege to have suffered the same injury as his putative class definition attributes to putative class members, he could never prove either the typicality or adequacy requirements in Fed. R. Civ. P. 23(a). *See*, *e.g.*, *Cunningham Charter Corp. v. Learjet, Inc.*, 258 F.R.D. 320, 329 (S.D. Ill. 2009); *Williams v. Empire Funding Corp.*, 227 F.R.D. 362, 373 (E.D. Pa. 2005).

### 3. **Plaintiff Seeks To Certify An Improper "Fail-Safe" Class.**

A "fail-safe" class is one "that cannot be ascertained until the conclusion of the case, when liability is determined." *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 623 (E.D. Pa. 2015). That is, a 'fail-safe' class "includes only those who are entitled to relief." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012). A fail-safe class should be struck as improper because it "shields the putative class members from receiving an adverse judgment. Either the class members win or, by virtue of losing, they are not in the

class and, therefore, not bound by the judgment." *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011); *see also Bigelow v. Syneos Health, LLC*, No. 20-28, 2020 WL 5078770, at \*5 (E.D.N.C. Aug. 27, 2020) ("A fail-safe class action leaves a defendant in a 'heads, I win . . . tails, I can sue again' situation, contravening the truism that class actions should 'resolve an issue that is central to the validity of each one of the claims in one stroke.'" (alteration in original) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

That is precisely the case here. Plaintiff's putative class definition includes only persons who, *inter alia*, "paid more than the ***statutorily permitted*** fees and charges for . . . title insurance" (Compl., ¶ 42 (emphasis added)). Because membership in Plaintiff's putative class is inextricably linked to the determination of the merits of a claim (albeit not one asserted by Plaintiff himself), he seeks to certify an improper "fail-safe" class that should be stricken. *See, e.g., Cox v. Sherman Capital LLC*, No. 12-01654, 2016 WL 274877, at \*5-6 (S.D. Ind. Jan. 22, 2016) (rejecting sub-class that "contain[ed] the criterion that the Defendants' collection activities 'violate the FDCPA'"); *Alhassid v. Bank of Am.*, N.A., 307 F.R.D. 684, 690, 694 (S.D. Fla. 2015) (rejecting putative class comprised of persons charged "for 'property inspection' fees, in excess of the charge allowed by HUD Guidelines and/or Nationstar's own internal Policies and Procedures").

## F. IF ANY CLAIM SURVIVES, THE COURT SHOULD STRIKE THE COMPLAINT'S KICKBACK/REFERRAL ALLEGATIONS.

If any of Plaintiff's claims survives, the Court should also strike Plaintiff's allegations about kickbacks and business referrals that are not alleged to have occurred in connection with his home purchase transaction because those allegations are "immaterial, impertinent, [and] scandalous."

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading . . . any . . . immaterial, impertinent, or scandalous matter."  "The function of a 12(f) motion to strike is to avoid expenditure of time and money that necessarily arises from litigating spurious issues by disposing of those issues prior to trial." *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291 (D. Del. 1995).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (2d ed. 1990). "An allegation is 'impertinent' . . . when it is neither responsive nor relevant to the issues involved in the action."  2 Moore's Federal Practice - Civil § 12.37 (2024). A "'scandalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action."  5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (2d ed. 1990).

There is no allegation in the Complaint that either Acres or A-Absolute engaged in any improper kickbacks or business referrals in connection with

23

Plaintiff's home purchase transaction.  Logically, therefore, Plaintiff's claims against Acres and A-Absolute do not rely on any such allegedly improper kickbacks or business referrals.  (Compl., Counts I-III).[7]  Nevertheless, the Complaint includes allegations that title insurance agencies, including at least Acres, engage in improper kickbacks and business referrals in order to attract business.  (*See, e.g.*, *id.*, ¶ 3 (alleging that "an unscrupulous way [for title insurance agencies] to motivate these decision-makers is through kickbacks in the form of finder's fees, gifts, disguised profits, and other financial enticements, promise of future referrals, or threats to withhold same"); ¶¶ 4-7; 46(c)(e), 47, 51, 53).  Because none of Plaintiff's claims assert an entitlement to relief based on any alleged referrals or kickbacks in connection with his home purchase transaction, however, those allegations found in paragraphs 3-7, 46(c) and (e), 47, 51, and 53 of the Complaint are all "immaterial, impertinent [and] scandalous" and should be stricken.  *See, e.g., Olmeda v. Raider Env't Servs. of Fla.*, No. 15-20073, 2015 WL 12828120, at *1 (S.D. Fla. Apr. 21, 2015) (striking allegations "contained in [] paragraphs have no possible relation to the dispute"); *Seybold v. Weld Cnty. Sheriff's Off.*, No. 08009-16, 2008 WL 4489269, at *1 (D. Colo. Oct. 1, 2008)

---

[7] Section 8(a) of RESPA prohibits "any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."  12 U.S.C. § 2607(a).  Plaintiff, however, has sued only under § 8(b)—not § 8(a)—of RESPA.  (Compl., ¶¶ 72-73).

(striking "many of allegations (*i.e.*, averments) in the Complaint [that] have no bearing on the claims brought and are baseless and scandalous").

## V.     <u>CONCLUSION</u>

Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice or, alternatively, strike its class action allegations and its allegations regarding kickbacks/referrals.

Dated:  November 15, 2024                              Respectfully submitted,

**McCARTER & ENGLISH, LLP**

By: */s/ Kristofor T. Henning*
    Kristofor T. Henning, Esq.
    1600 Market Street, Suite 3900
    Philadelphia, PA 19103
    Telephone:  (215) 979-3800
    Facsimile:  (215) 979-3899
    khenning@mccarter.com

    Phillip S. Pavlick, Esq.
    Wolfgang A. Albrecht, III, Esq.
    Four Gateway Center
    100 Mulberry Street
    Newark, NJ 07102
    Telephone: (973) 624-4444
    Facsimile: (973) 624-7070
    ppavlick@mccarter.com
    walbrecht@mccarter.com

    *Attorneys for Defendants*
    *Acres Land Title Agency, Inc.*
    *and A-Absolute Escrow*
    *Settlement Co., Inc.*