## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT D. SALMON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACRES LAND TITLE AGENCY, INC., ABSOLUTE ESCROW SETTLEMENT CO., INC. and PETER A. UZZOLINO,<br><br>Defendants. | Civil Action No.: 2:24-cv-09305<br><br><br><br>**Oral Argument Requested** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ACRES LAND TITLE AGENCY, INC. AND A-ABSOLUTE ESCROW SETTLEMENT CO., INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, TO STRIKE ITS CLASS ACTION AND IMMATERIAL, IMPERTINENT AND SCANDALOUS ALLEGATIONS**

**McCARTER & ENGLISH, LLP**
Kristofor T. Henning, Esq.
1600 Market Street, Suite 3900
Philadelphia, PA 19103
Telephone:  (215) 979-3800
Facsimile:  (215) 979-3899
khenning@mccarter.com

Phillip S. Pavlick, Esq.
Wolfgang A. Albrecht, III, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 624-4444
Facsimile: (973) 624-7070
ppavlick@mccarter.com
walbrecht@mccarter.com

*Attorneys for Defendants Acres Land Title Agency, Inc. and A-Absolute Escrow Settlement Co., Inc.*

# TABLE OF CONTENTS

<u>Page</u>

LEGAL ARGUMENT ...................................................................................................1

    A.   THE COURT SHOULD DISMISS PLAINTIFF'S CFA CLAIM (COUNT I). ..........................................................................1

    B.   THE COURT SHOULD DISMISS PLAINTIFF'S UNJUST ENRICHMENT CLAIM (COUNT II)..................................................2

    C.   THE COURT SHOULD DISMISS PLAINTIFF'S RESPA CLAIM (COUNT III)...................................................................4

        1.   Plaintiff's RESPA § 8(b) Claim Is Time Barred. ......................4

        2.   Plaintiff's RESPA § 8(b) Claim Fails As A Matter Of Law................................................................................................5

    D.   IF ANY CLAIM SURVIVES, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF. .........................................................................................7

    E.   IF ANY CLAIM SURVIVES, THE COURT SHOULD STRIKE THE COMPLAINT'S CLASS ACTION ALLEGATIONS. ......................................................................8

        1.   Plaintiff's Putative Class Period Is Overbroad. ........................9

        2.   Plaintiff Cannot Satisfy Fed. R. Civ. P. 23(a)'s Typicality And Adequacy Requirements. ..................................................11

        3.   Plaintiff Seeks To Certify An Improper "Fail-Safe" Class. ........................................................................................12

    F.   IF ANY CLAIM SURVIVES, THE COURT SHOULD STRIKE THE COMPLAINT'S KICKBACK/REFERRAL ALLEGATIONS. .........................................................................13

CONCLUSION .......................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Assocs. Commercial Corp. v. Wallia*,
    211 N.J. Super. 231 (1986) ...................................................................................3

*Behrens v. Amazon.com, Inc.*,
    No. 22-01475, 2023 WL 5985287 (D.N.J. Sept. 14, 2023)..................................2

*Cunningham v. M&T Bank Corp.*,
    814 F.3d 156 (3d Cir. 2016) .............................................................................4, 5

*Goodman v. Intervet Inc.*,
    2023 WL 2368123 (D.N.J. Mar. 6, 2023) ...........................................................8

*In re Johnson & Johnson Talcum Powder Prods. Marketing, Sales
    Practices and Liab. Litig.*,
    903 F.3d 278 (3d Cir. 2018) .............................................................................7, 8

*Powell v. Verizon*,
    No. 19-8418, 2019 WL 4597575 (D.N.J. Sept. 20, 2019)...................................2

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021)..............................................................................................7

*VRG Corp. v. GKN Realty Corp.*,
    135 N.J. 539 (1994) ..............................................................................................3

*Weichert Co. Realtors v. Ryan*,
    128 N.J. 427 (1992) ..............................................................................................4

**Statutes**

12 U.S.C. § 2614 .........................................................................................................4

N.J.S.A. 2A:14-1.......................................................................................................10

**Rules**

Fed. R. Civ. P. 9 .........................................................................................................2

ME1 51517323v.4

Fed. R. Civ. P. 12 ................................................................................14

Fed. R. Civ. P. 23 ..............................................................................8, 11

ME1 51517323v.4

Defendants Acres Land Title Agency, Inc. and A-Absolute Escrow Settlement Co., Inc. ("Defendants") respectfully submit this reply brief to address the arguments found in Plaintiff's opposition to their motion to dismiss Plaintiff's Complaint or to strike certain of its allegations.

## LEGAL ARGUMENT

**A.    THE COURT SHOULD DISMISS PLAINTIFF'S CFA CLAIM (COUNT I).**

The Court should dismiss Plaintiff's CFA claim against both Defendants for failure to allege a misrepresentation.  ECF No. 11-1 at 14-17.[1]

The Court need not consider Plaintiff's allegations of unlawful "unconscionable" conduct by Defendants because he does not allege any ascertainable loss caused by such conduct.  ECF No. 11-1 at 15.  Plaintiff does not dispute that his Complaint alleges no such loss caused by conduct he labels "unconscionable."  ECF No. 17 at 15-16.  Instead, Plaintiff's CFA claim rises and falls against both Defendants on the question of whether the Complaint alleges "unlawful conduct" in the form of an alleged misrepresentation from Defendants. ECF No. 11-1 at 15.  Nowhere in Plaintiffs' opposition does he attempt to identify the content of any such alleged misrepresentation he received from Defendants – and that is not a subject for which Plaintiff needs discovery in order to make such

---

[1] Page number references herein are to the ECF page numbers.

an allegation.[2]    Neither does his Complaint identify any such alleged

misrepresentation, let alone with the particularity required by Fed. R. Civ. P. 9(b).

The Court should dismiss his CFA claim against both Defendants as a result.

Alternatively, the Court should dismiss Plaintiff's CFA claim to the extent it

relies on charges for which the Complaint does not allege that Defendants

performed no work.  ECF No. 11-1 at 17-18.  Plaintiff has offered no substantive

response to this argument and, therefore, he has conceded it.  *See Behrens v.*

*Amazon.com, Inc.*, No. 22-01475, 2023 WL 5985287, at *2 (D.N.J. Sept. 14,

2023); *Powell v. Verizon*, No. 19-8418, 2019 WL 4597575, at *9 (D.N.J. Sept. 20,

2019).  This defect results in total dismissal of Plaintiff's claim against A-Absolute

and partial dismissal against Acres.  ECF No. 11-1 at 17-18.

## B.    THE COURT SHOULD DISMISS PLAINTIFF'S UNJUST ENRICHMENT CLAIM (COUNT II).

The Court should dismiss Plaintiff's unjust enrichment claim against both

Defendants because (i) it seeks to assert an independent tort claim that is not

recognized by New Jersey law and (ii) Plaintiff does not allege that he expected

remuneration from Defendants.  ECF No. 11-1 at 18-20.[3]

---

[2] Plaintiff's opposition makes it clear that his claim is based on an unidentified alleged affirmative misrepresentation.  ECF No. 17 at 20 (arguing that Defendants "actively misled" him).

[3] Defendants did not move to dismiss Plaintiff's unjust enrichment claim for failure to allege a "sufficiently direct relationship" with Defendants.  *Cf.* ECF No. 17 at 18.  And Plaintiff's reference to *Lannin* is irrelevant because the relevant defendant

Plaintiff does not dispute that his unjust enrichment claim sounds in tort. ECF No. 17 at 17-18. To the contrary, he doubles down on that point by arguing that his claim is based on allegedly fraudulent conduct by Defendants. *Id.* (claiming "fraudulent[] billing"). Instead, he argues that it is not true that New Jersey precludes unjust enrichment claims that sound in tort. ECF No. 17 at 17. But he offers no case to support his argument and the cases Defendants cited prove him wrong. ECF No. 17 at 17-18; ECF No. 11-1 at 18-19.

Neither does Plaintiff dispute that he does not allege that he expected remuneration from Defendants at the time of his payments. He again only argues that no such allegation is necessary to sustain his claim under New Jersey law. ECF No. 17 at 17. Defendants' cited cases again prove him wrong (ECF No. 11-1 at 19-20) and so do some of Plaintiff's own cited cases. *See* ECF No. 17 at 18; *Assocs. Commercial Corp. v. Wallia*, 211 N.J. Super. 231, 244 (1986)(explaining that expectation of remuneration is "common thread" to successful unjust enrichment claims); *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994)("The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its

---

did not make the same arguments Defendants make here to dismiss Plaintiff's unjust enrichment claim. *Cf.* ECF No. 17 at 18.

contractual rights."); *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 437 (1992)("Applying that principle, courts have allowed quasi-contractual recovery for services rendered when a party confers a benefit with a reasonable expectation of payment.").

## C.   THE COURT SHOULD DISMISS PLAINTIFF'S RESPA CLAIM (COUNT III).

The Court should dismiss Plaintiff's RESPA § 8(b) claim against both Defendants because it is time barred.  It should dismiss that claim against A-Absolute for the additional reasons that Plaintiff does not allege that A-Absolute (i) performed no work for its charges and (ii) split those charges with anyone else. Similarly, the Court should dismiss that portion of Plaintiff's claim against Acres that is based on charges for which there is no allegation that Acres performed no work for the charge and split the charge with anyone else.  ECF No. 11-1 at 20-24.

### 1.   Plaintiff's RESPA § 8(b) Claim Is Time Barred.

Plaintiff's RESPA § 8(b) claim is time barred because it was filed more than two years after his home purchase transaction – *i.e.*, the date of the alleged "occurrence of the [RESPA] violation."  ECF No. 11-1 at 20-22; 12 U.S.C. § 2614; (providing one-year statute of limitations).

Plaintiff's Complaint attempts to rely on the discovery rule to save his claim, but that rule does not apply as a matter of law.  *See Cunningham v. M&T Bank Corp.*, 814 F.3d 156, 162 (3d Cir. 2016).  In his opposition, therefore, Plaintiff

4

turns to the doctrine of equitable tolling, but his own allegations undermine that claim. ECF No. 17 at 20-21. While Plaintiff alleges that unidentified "certain Class members" (Compl. ¶ 53) did not know of their claims within the limitations period, he makes no such allegation about himself. Nor could he. According to Plaintiff's own Complaint, "the invoice from Acres Title to Plaintiff" provided at closing reveals the allegedly improper nature of its charges. (*See id.* ¶ 25 (alleging that the "invoice from Acres Title to Plaintiff (the 'Invoice') reveals that apparent markups were made to various pass-through costs")). Plaintiff cannot invoke the "extraordinary remedy" of equitable tolling where, according to his own allegations, he knew of his claim the same day the limitations period began to run. *Cunningham*, 814 F.3d at 161.

Plaintiff has not responded to Defendants' argument that the allegation in ¶ 25 of the Complaint precludes any attempt at equitable tolling. ECF No. 17 at 20-21. The reason is obvious – he has no response. Therefore, he has conceded the point and the Court should dismiss his RESPA claim as untimely.

### 2.    Plaintiff's RESPA § 8(b) Claim Fails As A Matter Of Law.

Plaintiff's RESPA claim against both A-Absolute and Acres also fails on the merits – in total for A-Absolute and at least in part for Acres.

### a. Plaintiff's Claim Against A-Absolute Fails.

Plaintiff does not dispute that he challenges two charges from A-Absolute: (i) a $35 Title Examination Fee; and (ii) a $30 Overnight Fee. (Compl., ¶¶ 30, 34). ECF No. 17 at 22. For neither, however, does Plaintiff allege that A-Absolute performed no work – and neither does Plaintiff allege that A-Absolute split any part of either charge with anyone else. Therefore, Plaintiff has not stated a viable claim against A-Absolute for violation of RESPA § 8(b). ECF No. 11-1 at 23-24.

In response, Plaintiff argues that A-Absolute's charges were either "duplicative" of others from Acres or "an unnecessary sham cost in today's era of emails and electronic delivery." ECF No. 17 at 22. Plaintiff is incorrect but, even if the Court were to credit those allegations for purposes of Defendants' motion, his claim still fails in total against A-Absolute because he does not allege either that A-Absolute performed no work for either charge or split any part of it with a third-party – necessary elements of any claim under RESPA § 8(b). There is simply no such allegation in the Complaint and Plaintiff points to none in his opposition. ECF No. 17 at 22-23.

### b. Plaintiff's Claim Against Acres Fails At Least In Part.

Plaintiff's RESPA § 8(b) claim against Acres fails for the same reasons as it pertains to (i) the Transaction Management Fee and (ii) the Secondary Mortgage Market Endorsement. (Compl., ¶¶ 26-27). Again, for neither of those charges

6

does Plaintiff allege that Acres performed no work at all or split the charge with anyone else. Therefore, he has not stated a viable RESPA § 8(b) claim against Acres for those charges. ECF No. 11-1 at 23-24.

Plaintiffs' response attempts to ignore the critical flaw in his claim as it pertains to these charges. Plaintiff again argues that those charges are improper in some way – but he points to no allegation in the Complaint that Acres performed no work for either or split any part of either with a third party. ECF No. 17 at 23. His RESPA § 8(b) claim based on these charges fails as a matter of law as a result.

**D.   IF ANY CLAIM SURVIVES, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF.**

To have standing to seek injunctive relief, Plaintiff must "establish that []he is likely to suffer future injury from the defendant's conduct." *In re Johnson & Johnson Talcum Powder Prods. Marketing, Sales Practices and Liab. Litig.*, 903 F.3d 278, 292 (3d Cir. 2018) (citation and internal quotation marks omitted); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021) (requiring "risk of harm [that] is sufficiently imminent and substantial"). Plaintiff cannot show such a risk because he knows the nature of Defendants' charges and, therefore, he cannot be harmed in the future by any failure by Defendants to explain them. The Court should dismiss his claim for injunctive relief for lack of standing as a result. *See, e.g., Johnson & Johnson*, 903 F.3d at 293 ("She is simply not at risk of suffering

7

an economic 'injury,' and we will not 'give cognizance to this sort of 'stop me before I buy again' claim."); ECF No. 11-1 at 24-25.

In response, Plaintiff cites three New Jersey state court cases regarding the scope of CFA claims and argues that "because [he] sufficiently pleads a claim of ascertainable loss, he has standing to seek injunctive relief under the CFA." ECF No. 17 at 31-32. But Plaintiff sued in federal court and, therefore, in addition to any statutory standing requirements, he must satisfy all of the requirements for Article III standing. The Third Circuit's decision in *Johnson & Johnson* demonstrates that he cannot. *See, e.g., Goodman v. Intervet Inc.*, 2023 WL 2368123, *9 (D.N.J. Mar. 6, 2023)("Finally, Article III standing is a requirement distinct from Plaintiffs' assertion of statutory standing under the [Florida consumer protection statute]. . . Accordingly, Defendant's request to dismiss the request for injunctive relief is granted.").

### E.    IF ANY CLAIM SURVIVES, THE COURT SHOULD STRIKE THE COMPLAINT'S CLASS ACTION ALLEGATIONS.

If any of Plaintiff's claims survives, the Court should strike the Complaint's class action allegations pursuant to Fed. R. Civ. P. 23(d)(1)(D) for three reasons: (i) the putative class period is overbroad; (ii) Plaintiff cannot possibly satisfy Fed. R. Civ. P. 23(a)'s typicality and adequacy requirements; and (iii) Plaintiff seeks certification of an improper "fail-safe" class. ECF No. 11-1 at 25-30.

ME1 51517323v.4

Defendants agree that the "rigorous analysis" required as part of the Court's class certification analysis very often must include an examination of the record created in discovery. *Cf.* ECF No. 17 at 24-25. Indeed, there are a number of reasons why no class could ever be certified in this matter that Defendants expect any such record would reveal. Defendants have not moved to strike Plaintiff's class action allegations for any of those reasons, however. They have instead limited their motion only to reasons that are obvious from the face of Plaintiff's own Complaint, including his own proposed class definition. No discovery is necessary to address those particular defects in Plaintiff's class action allegations. As Plaintiff himself concedes, it is appropriate for the Court to strike class action allegations where the bases for doing so are clear from the Complaint. ECF No. 17 at 24. That is the case here.[4]

### 1.   Plaintiff's Putative Class Period Is Overbroad.

The Court should reject each of Plaintiff's justifications for a class period that extends back more than nine years to January 1, 2015 (Compl., ¶ 42) – even

---

[4] Plaintiff has not offered any alternative putative class definition, instead electing for his class action allegations to stand or fall based only on the definition currently included in his Complaint.

ME1 51517323v.4

though the longest statute of limitations for any of his claims (CFA) is six years. N.J.S.A. 2A:14-1.[5]

Plaintiff first argues that his extended class period is appropriate because "the relevant statute of limitations in this case should be equitably tolled. . . ." ECF No. 17 at 26.  As explained above, however, the allegations of Plaintiff's own Complaint preclude equitable tolling.  In any event, Plaintiff makes that claim for his RESPA claim – which is subject to only a one-year statute of limitations, not his CFA claim, which includes the longest statute of limitations for his claims. Thus, if Plaintiff's CFA or unjust enrichment claim survives, his class period must be limited to six years and if his RESPA claim survives, but his CFA and unjust enrichment claims do not, then his class period must be limited only to one year.

Second, Plaintiff speculates that "Defendant's illicit billing practices allegedly started prior to the six-year period at issue."  ECF No. 17 at 26. Defendants dispute Plaintiff's claim but, even if he were right, it does not save his class period.  As Defendants explained, it is the governing statute of limitations that sets the appropriate limit to a class period, not the beginning of the defendant's allegedly improper conduct.  ECF No. 11-1 at 27-28.

---

[5] Plaintiff seems confused about his own class period.  It extends back more than nine years from the filing of his Complaint – not nine more years beyond the CFA six-year statute of limitations.  *Cf.* ECF No. 17 at 26.

Finally, Plaintiff argues that New Jersey law requires Defendants to retain "relevant records for a period of no less than fifteen (15) years," so any class period shorter than fifteen years must be appropriate. ECF No. 17 at 26. Again, however, even if Plaintiff's statement of New Jersey law were correct (which Defendants dispute), it is irrelevant because the statute of limitations – not state record keeping regulations - sets the appropriate limit to a class period. Indeed, if the rule were otherwise, then entities who are not subject to any such record keeping regulations could not be subject to class action litigation. Not surprisingly, therefore, Plaintiff has not cited a single case using a state record keeping regulation to define a class period.[6]

## 2. Plaintiff Cannot Satisfy Fed. R. Civ. P. 23(a)'s Typicality And Adequacy Requirements.

Plaintiff's own Complaint demonstrates that he could never meet his burden of proving either the typicality or adequacy requirement because his putative class definition is limited to persons who "paid for a policy of *title insurance* issued by Acres Title Defendants" and "paid more than the statutorily permitted fees and charges for such *title insurance*." (Compl., ¶ 42 (emphasis added)). Plaintiff's

---

[6] Neither of the cases Plaintiff cites examined the proper time limit to a class period. ECF No. 17 at 26 n. 3. The Third Circuit case Plaintiff cites addressed whether equitable tolling concerns precluded a finding of predominance under Fed. R. Civ. P. 23(b)(3), not the proper time limit to a class period. Nothing about that case authorizes a class period that extends beyond the applicable statute of limitations.

putative class definition, therefore, clearly envisions claims by putative class members alleging improper charges for title insurance. Plaintiff, however, does not allege that either Defendant charged him too much *for title insurance*. He claims instead that they charged him too much for certain settlement/closing related services. (*Id.*, ¶¶ 25-38). Consequently, Plaintiff does not assert the same claim or allege to have suffered the same injury as his putative class definition attributes to putative class members. ECF No. 11-1 at 28-29.

Plaintiff does not dispute that he makes no claim that any Defendant charged him more than the "statutorily permitted" amount *for title insurance*. ECF No. 17 at 28 ("The premium actually is statutorily fixed and never at issue in this matter."). He has instead ignored the language of his own putative class definition. The problem is simply stated and unavoidable – the only "statutorily permitted" charge alleged in the Complaint is for title insurance, and Plaintiff's putative class definition plainly envisions claims attacking that charge – but Plaintiff does not allege that he personally was charged too much for title insurance.[7]

### 3.    Plaintiff Seeks To Certify An Improper "Fail-Safe" Class.

Plaintiff's putative class includes only persons who "paid more than the *statutorily permitted* fees and charges for . . . title insurance" (Compl., ¶ 42

---

[7] The Court in the case Plaintiff cites did not find that the named plaintiff satisfied the typicality and adequacy requirements for class certification. It instead remanded those determinations to the trial court. *Cf.* ECF No. 17 at 27.

(emphasis added)).     Because membership in Plaintiff's putative class is inextricably linked to the determination of the merits of a claim (albeit not one asserted by Plaintiff himself), he seeks to certify an improper "fail-safe" class that should be stricken.  ECF No. 11-1 at 29-30.[8]

Plaintiff's opposition ignores the language highlighted above, but ignoring it will not make it go away.  *Cf.* ECF No. 17 at 29.  And, Plaintiff's claim that the Court should ignore this flaw in his putative class definition because "the Defendants allegedly overcharged each and every one of their customers" is wrong even according to his own allegations.  ECF No. 17 at 29.  As explained above, the only "statutorily permitted" charge referenced in the Complaint is for title insurance and Plaintiff does not allege that any Defendant overcharged him for that.   Plaintiff's claim is also irrelevant because it does nothing to change the definition of his putative class.

## F.     IF ANY CLAIM SURVIVES, THE COURT SHOULD STRIKE THE COMPLAINT'S KICKBACK/REFERRAL ALLEGATIONS.

If any of Plaintiff's claims survives, the Court should also strike the Complaint's allegations about kickbacks and business referrals that are not alleged

---

[8] In one of Plaintiff's cited cases (*Messner*), the Court did not decide whether the putative class at issue was a fail-safe class and the class definition there did not include offending language like Plaintiff's putative class here.   In the other (*Zarichny*), the Court struck the class allegations at the pleadings stage because the putative class was a fail-safe class.  *Cf.* ECF No. 17 at 28-29.  The Court should do the same here.

to have occurred in connection with his home purchase transaction because those allegations are "immaterial, impertinent, [and] scandalous" within the meaning of Fed. R. Civ. P. 12(f).  ECF No. 11-1 at 31-33.

Plaintiff does not dispute that he does not allege Defendants engaged in any improper kickback or business referral as part of his home purchase transaction. ECF No. 17 at 29-30.  Still, he argues that the Complaint's kickback and business referral allegations are "foundational and relevant."  *Id.*  But they are plainly not "foundational and relevant," let alone necessary, *to Plaintiff's claims* and, therefore, the Court should strike them.

Plaintiff's allegations will both "prejudice Defendants" and "confuse the issues."  ECF No. 17 at 30.  A publicly available Complaint with irrelevant but charged allegations about kickbacks and unlawful business referrals will prejudice Defendants.  And, because those allegations have nothing to do with Plaintiff's actual claims against Defendants, they are irrelevant distractions that will only confuse matters going forward if they are part of the case.[9]

---

[9] Both cases Plaintiff cites involved motions to strike affirmative defenses and neither involved allegations anything like Plaintiff's kickback and business referral allegations here.  ECF No. 17 at 29-30.

14

## CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiff's Complaint

with prejudice or, alternatively, strike its class action allegations and its allegations

regarding kickbacks/referrals.

Dated:  January 8, 2025.                          Respectfully submitted,

                                                **McCARTER & ENGLISH, LLP**

                                                By: */s/ Kristofor T. Henning*
                                                    Kristofor T. Henning, Esq.

                                                    *Attorneys for Defendants*
                                                    *Acres Land Title Agency, Inc.*
                                                    *and A-Absolute Escrow*
                                                    *Settlement Co., Inc.*

15

ME1 51517323v.4